UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 05-09668-8-JRL |
| CLARK – LANGLEY, INC. | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| CLARK – LANGLEY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No.: |
| | ) | _____ |
| v. | ) | |
| | ) | |
| CARMEL CONTRACTORS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the Plaintiff, **CLARK-LANGLEY, INC.,** (hereinafter "Clark") who complains against the Defendant, **CARMEL CONTRACTORS, INC.** (hereinafter "CCI") and alleges as follows:

### JURISDICTION

1. This Court has proper and personal jurisdiction over the subject matter hereof, and the parties hereto pursuant to 28 U.S.C. §§ 151,157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409 in that this is an action arising in or related to a proceeding under Title 11 of the U. S. Code which is pending in this District, and this is a core proceeding within the meaning of 28 U.S.C. § 157.

### PARTIES

3. Clark is a North Carolina corporation located in Nash County, North Carolina with a principal place of business located at 153 English Road, Rocky Mount, North Carolina 27804.

4. On October 14, 2005, Clark filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of North Carolina, Case No. 05-09668-8-JRL.

5. Upon information and belief, Defendant CCI is a North Carolina corporation located in Mecklenburg County, North Carolina with a principal place of business located at 8030 England Street, Charlotte, North Carolina 28273 and has a registered agent at the same location and address.

## FACTUAL BACKGROUND

6. Plaintiff hereby realleges and incorporates by reference the statements and allegations contained in Paragraphs 1 through 5 as if fully set forth herein.

7. In or about January through March, 2004, CCI sought subcontractors to fulfill a contract it had entered into with Lowe's Home Centers, Inc. (hereinafter "Lowes") for construction of a Lowe's in Cary, NC. (Hereinafter "the Project")

8. Subsequently, on March 10, 2004, CCI entered into a subcontract with Clark for Clark to provide labor and other contract items for erosion control, project survey, storm drainage, concrete pedestrian culvert, clearing, grading, Earth work, and fine grading on the Project. (A copy of the Subcontract agreement is attached and incorporated herein as Exhibit "A").

9. Clark pursued work on the project with vigor and performed work for CCI in a proper and workmanlike manner.

10. Despite Clark's performance, CCI hindered Clark's work and caused Clark numerous delays and disruptions.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

11. Plaintiff hereby realleges and incorporates by reference the statements and allegations contained in Paragraphs 1 through 10 as if fully set forth herein.

12. Clark entered into a subcontract with CCI to perform grading and site work services on the Project.

13. Pursuant to the subcontract, CCI engaged in the following actions and inactions to the detriment of Clark:

    a. CCI's project superintendent taking Clark employees off of Clark's work and directing them to perform tasks not related to Clark's work or within Clark's scope of work;

    b. CCI directed Clark to perform work on the Project out of sequence and not in accordance with the schedule;

    c. CCI failed to approve change order for which Clark was entitled;

    d. CCI caused Clark to incur increases in equipment and material charges due to delays and inefficiencies caused by CCI;

    e. CCI failed to allow additional area for tree protection and silt fence, especially at the pond area. The plans required double row silt fences, however CCI did not make allowance for them.

    f. CCI failed to properly monitor and oversee clearing to ensure that the Town of Cary's dictates were followed.

    g. CCI failed to reimburse Clark for unsuitable materials when Clark encountered unsuitable materials in digging storm drainage at Maynard Road.

    h. CCI delayed and failed to consistently pay Clark for work completed including and beginning deducting funds from Clark's first pay application. Said delay in cash flow was

ruinous for Clark.

      i.      CCI failed to pay Clark for additional labor and hand clearing work preformed on the Buffaloe Tract Project.

      j.      CCI's constant changes in the scope and sequence of work on the main pond portion of the project substantially damaged and delayed Clark and caused Clark to spend more to complete work than estimated.

      k.      CCI used Clark's equipment for the excavation and backfill of the bore pit for the water and sewer contractor even though this was not in Clark's scope of work.

      l.      CCI provide plans and specifications to Clark that were discovered to be error ridden after work began on the project.

      m.      CCI failed to pay Clark for overtime work performed on the project.

14.      In addition, because of the actions and inactions of CCI, Clark incurred additional damages in unforeseen labor costs, increased costs of materials because of CCI's delays, increased equipment costs, additional travel expenses, increased mobilization and demobilization because of CCI's failure to have areas ready for work, increased overhead and general conditions, attorney's fees for bringing this claim and claim preparation.

15.      Because of the failure of CCI to pay Clark, and Clark's inability to pay their lower-tier subcontractors and suppliers, Clark's subcontractors and suppliers filed liens and sued Clark and CCI in Wake County Superior Court for monies owed.

16.      All of the actions and inactions in paragraph 13 and 14 described above are breaches of the contract by CCI.

17.      Clark has incurred and suffered actual damages pursuant to the actions and inactions of CCI.

18. To date, Clark is owed by CCI the sum of **$1,925,296.22 (One Million Nine Hundred and Twenty Five Thousand Two Hundred and Ninety Six Dollars and twenty two cents**) plus interest, costs, and attorneys fees pursuant to applicable North Carolina Law for the breaches of the subcontract committed by CCI against Clark.

## SECOND CLAIM FOR RELIEF
## QUANTUM MERUIT – UNJUST ENRICHMENT

19. Plaintiff hereby realleges and incorporates by reference the statements and allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. This cause of action is plead in the alternative to Plaintiff's First Claim for Relief.

21. Clark provided labor and materials to CCI on the Project.

22. CCI was enriched by Clark's work performed on the project.

23. CCI voluntarily and knowingly accepted Clark's work and Clark had the expectation of payment and compensation from CCI.

24. As a result of CCI's failure to provide payment for the services of Clark, CCI has been unjustly enriched in the amount of the work that Clark performed and has not been paid.

25. To date, Clark is owed by CCI the sum of **$1,925,296.22 (One Million Nine Hundred and Twenty Five Thousand Two Hundred and Ninety Six Dollars and twenty two cents**) plus interest, costs, and attorneys fees pursuant to applicable North Carolina Law for work performed by Clark, but not paid.

## THIRD CLAIM FOR RELIEF
## UNFAIR AND DECEPTIVE TRADE PRACTICES

26. The allegations in paragraphs 1 through 25 are realleged and incorporated herein.

27. Clark entered into a contract with CCI for Clark to perform grading and site work services and other work to the property on the site of the New Lowes Home Center in

5

Cary, North Carolina.

28. Despite CCI not having paid Clark to perform work for several months, CCI induced Clark to perform work on the Project with promises of future payment.

29. CCI never had any intention of making further payment to Clark.

30. In one instance, CCI told Clark that payment to Clark was in the job trailer as an inducement for Clark to perform work for CCI and incur additional subcontractor expense, however, Clark never received the payment that was described and promised.

31. CCI acted in a manner which had the capacity or tendency to deceive and act unfairly by misrepresenting and making false representations to the Plaintiff.

32. CCI's actions, as set forth herein, were acts in or affecting commerce and constitute unfair and deceptive trade practices in violation of N.C. Gen. Stat. 75-1.1 et seq.

33. CCI's unfair and deceptive trade practices have directly and proximately caused Clark to suffer damages in an amount in excess of **$10,000.00** (Ten Thousand Dollars and no cents) not the least of which is to engage in Chapter 11 Bankruptcy protection.

34. By reason of the foregoing, Clark is entitled to have their damages trebled and have the costs of this action, including reasonable attorney's fees, taxed against CCI, pursuant to N.C. Gen. Stat. 75-16 and N.C. Gen. Stat. 75-16.1.

35. Because of CCI's unfair and deceptive trade practices and unscrupulous behavior causing Clark' injuries as described above, and because CCI has willfully engaged in such unfair and deceptive trade practices, Clark is entitled to an award of attorneys fees under N.C.G.S. § 75-16.1.

## FOURTH CLAIM FOR RELIEF
## LOSS OF OPPORTUNITY

36. The allegations in paragraphs 1 through 35 are realleged and incorporated herein.

37. Clark had other projects offered to them while Clark was performing work on the Lowes Project.

38. Due to CCI's inefficiencies and delays caused by CCI, Clark was unable to undertake the work offered to Clark.

39. Clark lost overhead and profits on other projects.

40. Said overhead and profit lost is equal to the sum of **$31,800.00** (Thirty One Thousand Eight Hundred Dollars and no cents.)

WHEREFORE, the Plaintiff, Clark, respectfully prays the Court as follows:

1. That the Plaintiff, Clark, have and recover from Defendant CCI those damages alleged in their first claim for Breach of Contract and proven at trial, in the amount of **$1,925,296.22 (One Million Nine Hundred and Twenty Five Thousand Two Hundred and Ninety Six Dollars and twenty two cents)** plus interest, costs, and attorneys fees pursuant to applicable North Carolina Law;

2. That the Plaintiff, Clark, have and recover from Defendant CCI those damages alleged in their second claim for Quantum Meruit – Unjust Enrichment and proven at trial, in the amount of **$1,925,296.22 (One Million Nine Hundred and Twenty Five Thousand Two Hundred and Ninety Six Dollars and twenty two cents)** plus interest, costs, and attorneys fees pursuant to applicable North Carolina Law;

3. That the Plaintiff, Clark, have and recover from Defendant CCI those damages alleged in their third claim for CCI's unfair and deceptive trade practices and proven at trial, in the amount of at least **$10,000.00 (Ten Thousand Dollars and no cents)** plus interest, costs, and attorneys fees pursuant to applicable North Carolina Law, said amount be trebled pursuant to N.C.G.S. § 75-16 and an award of attorneys fees under N.C.G.S. § 75-16.1;

4. That the Plaintiff, Clark, have and recover from Defendant CCI those damages alleged in their fourth claim for Lost Opportunity and proven at trial in the amount of **$31,800.00 (Thirty One Thousand Eight Hundred Dollars and no cents.)**

5. That Plaintiff, Clark have and recover of the Defendant, CCI, such other and further relief as the Court may deem appropriate; and

6. That the Plaintiff have a trial by jury on all matters so triable.

This the 27th day of March, 2006.

ANDERSON, JONES & GENGO, PLLC

BY: /s/ Todd A. Jones
Todd A. Jones, NCSB # 25593
Attorney for Plaintiff
P. O. Box 20248
Raleigh, NC 27619
Voice: (919) 277-2541